UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA KAHN YAGO,<br><br>             Petitioner,<br><br>      v.<br><br>SACRAMENTO SUPERIOR COURT,<br><br>             Respondent. | No.  2:23-cv-0734 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner, a pretrial detainee proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, together with an application to proceed in forma pauperis.

I.      Application to Proceed In Forma Pauperis

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit.  ECF No. 2.  Accordingly, the application to proceed in forma pauperis will be granted.  See 28 U.S.C. § 1915(a).

II.     Petition

The Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241.  Habeas Rule 1(b).  Rule 4 of the Habeas Rules requires the court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  "[A] petition for habeas corpus should not be dismissed without

1

leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted." Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971) (per curiam) (citations omitted).

Petitioner alleges he has been and continues to be denied a bail hearing and bail setting in violation of his Eighth and Fourteenth Amendment rights, and that his counsel was ineffective in addressing the matter. ECF No. 1 at 3, 7. He seeks an order from this court directing the Sacramento Superior Court to commence a bail hearing and to allow him to post bail as he poses no danger to the public or to himself. Id. at 8.

Pursuant to 28 U.S.C. § 2241, the courts have jurisdiction to consider a habeas petition brought by a pretrial detainee. McNeely v. Blanas, 336 F.3d 822, 824 n.1 (9th Cir. 2003) (citations omitted). Under § 2241(c)(3), a pretrial detainee may seek a writ of habeas corpus where "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." Although Younger v. Harris, 401 U.S. 37, 45 (1971), provides that federal courts may not interfere with a pending state criminal case absent extraordinary circumstances, abstaining under Younger is improper if the issue raised is "distinct from the underlying criminal prosecution and would not interfere with it," such as a challenge to bail proceedings, Arevalo v. Hennessy, 882 F.3d 763, 766 (9th Cir. 2018) (emphasis added). However, even if the court need not abstain due to the ongoing criminal case, the petition at bar should still be dismissed because the claims have not been exhausted.

Section 2241 "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus. However, [the Ninth Circuit] require[s], as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241." Castro-Cortez v. INS, 239 F.3d 1037, 1047 (9th Cir. 2001) (citations and footnote omitted), abrogated on other grounds by Fernandez-Vargas v. Gonzales, 548 U.S. 30 (2006). A petitioner satisfies the exhaustion requirement by fairly presenting all federal claims to the highest state court before presenting them to the federal court. Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citations omitted). Here, petitioner explicitly represents that he has not exhausted

////

////

his available state court remedies[1] and, while he claims counsel was ineffective in addressing this matter, he has provided no reason why he was unable to seek relief in the state courts. Accordingly, the petition should be dismissed.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. The Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 31, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] A search of the California Supreme Court's website indicates that there have been no petitions filed by petitioner.

3